IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL NO. 2:19-CR-53-KS-MTP**

**GREGORY ALVIN AUZENNE,** *et al.*

### ORDER

The Court described the background of this case in a previous order. *See USA v. Auzenne*, 2020 WL 6065556, at *1 (S.D. Miss. Oct. 14, 2020). The parties have filed a variety of motions. The Court rules as follows:

- The Court **denies** Defendant Clark's Motion to Preclude Mischaracterization of Lawful Acts [69];

- The Court **denies** Defendant Clark's Motion for Early Release of the Jury Venire List [70];

- The Court **denies** Defendant Clark's Motion in Limine [71] as to the terms "kickbacks" and "bribes;"

- The Court **denies** Defendant Clark's Motion for Additional Peremptory Challenges [72];

- The Court **grants in part and denies in part** Defendant Clark's Motion to Compel Discovery of Presentence Reports in the Possession of the Government for Witnesses Called by the Government [73];

- The Court **grants in part and denies in part** Defendant Clark's Motion in Limine [74] as to the term "co-conspirator;"

- The Court **denies** Defendant Clark's Motion for Immediate Notice of Government's Intent to Use Tape Recordings and for Production of Transcripts [75];

- The Court **grants** Defendant Auzenne's Motion to Join [80] in Defendant Clark's Motion Nos. 69, 70, 71, and 72, insofar as Auzenne seeks leave to join Clark's motions, but denies the underlying substantive motions for the same reasons provided herein;

- The Court **denies** the Government's Motion in Limine to Admit Summary Evidence [77] **without prejudice** to the Government's ability to raise the issue again at trial; and

- The Court **denies as moot** Defendant Clark's Motion to Join [94] Auzenne's Opposition to the Government's Motion in Limine to Admit Summary Evidence [77].

### A.   *Clark's Motion to Preclude Mischaracterization of Lawful Acts [69]*

Defendant Clark filed a motion in limine asking the Court to preclude the Government from characterizing "lawful practices" as evidence of criminal conduct. Clark contends that it is not illegal to formulate, produce, market, and sell compound medications, or to use preprinted prescription pads. She further contends that the Government should not be permitted to challenge the effectiveness of the compound medications at issue here.

The Court denies this motion. As this Court has noted in a related case, otherwise legal actions can lead to criminal liability if committed in pursuit of a criminal conspiracy. *See United States v. Thomley*, 2018 WL 6492955, at *1 (S.D. Miss. Dec. 10, 2018). To use an analogy, it is legal to purchase a firearm, but if one does so in preparation to commit murder, the purchase may be introduced as evidence of premeditation. The Government is free to argue that Defendants' otherwise legal actions – such as using preprinted prescription pads or producing compound

2

medication – were committed in pursuit of illegal aims. Likewise, Defendant is free to argue that they were not.

### B.     *Clark's Motion for Early Release of Jury Venire List [70]*

Defendant Clark filed a Motion [70] asking the Court to disclose the jury venire list a week before the trial starts. She argues that disclosure of this information – which includes every potential jurors' name, city and county of residence, occupation, employer, race, marriage status, and length of residency – is necessary to prevent "undue and unnecessary hardship" on both the Government and Defendant.

Defendant has not cited any authority requiring the Court to disclose the list of potential jurors. She referred to 28 U.S.C. § 1867, which provides criminal defendants the right to challenge the selection procedures for a grand or petit jury, and, specifically, 28 U.S.C. § 1867(f), which provides that "parties in a case shall be allowed to inspect, reproduce, and copy" the "contents of records or papers used by the jury . . . clerk in connection with the jury selection process" for the "preparation or presentation of a motion" under the section. 28 U.S.C. § 1867(f). But Defendant has filed no motion under 28 U.S.C. § 1867(f). Rather, she contends that the Court should grant the present motion because it will allow her to file such a motion.

The Court believes that Defendant's description of "undue and unnecessary hardship" is overblown. This Court's standard procedure is to provide the parties a list of the potential jurors on the first morning of the trial, shortly before *voir dire*. Defendant has not provided any persuasive reason why she needs a list of the

3

potential jurors a week before the trial. Early release of the potential jurors' identities could threaten the parties' ability to receive a fair trial by an impartial jury. The Court denies this motion.

## C. *Clark's Motion in Limine re: "Kickbacks" and "Bribes" [71]*

Defendant Clark filed a Motion in Limine [71] to preclude the Government from using the terms "kickbacks" or "bribes." Defendant argues that the term "kickback" has a specific legal definition in the Federal Anti-Kickback Statute, and that the jury will be asked to determine whether she did, in fact, receive a "kickback," as defined by the statute. Therefore, she contends that the Government should be precluded from using the term. She also argues that the probative value of the terms "kickback" and "bribe" is substantially outweighed by the danger of unfair prejudice and the probability of confusing the jury, citing Rule 403.

The Court disagrees. It will not be unduly prejudicial for the Government's witnesses or attorneys to refer to the payments at issue as "kickbacks" or "bribes" because that is the exact conduct with which Defendants were charged. Moreover, the colloquial definitions of the terms do not stray far, if at all, from the statutory definitions, and the Court believes that the terms will help the jurors understand the charges. *See United States v. Dimora*, 843 F. Supp. 2d 799, 845-46 (N.D. Ohio 2012) (in honest services fraud case, district court held that use of terms "kickbacks" and "bribes" would not be unduly prejudicial, and that a jury instruction could mitigate any possibility of unfair prejudice); *United States v. Woods*, 2018 WL 1614081, at *1-

4

*2 (W.D. Ark. Apr. 3, 2018) (in honest services, mail, and wire fraud case, district court held that use of the terms "kickback" or "bribe" were relevant to the charges and would not run afoul of Rule 403).

Defendant essentially wants the Court to forbid the Government from asserting that she committed a crime. The Court declines to do so. The Government is entitled to present its theory of the case, just like Defendant is entitled to present hers. *Cf. Okland Oil Co. v. Knight*, 92 F. App'x 589, 600 (10th Cir. 2003) (in civil case, a party's use of the term "kickback" was not prejudicial because the opposing party was free to dispute the characterization and present its own theory of the case). The terms "kickback" and "bribe" may be used as "a factual shorthand," to help the jury understand the facts. *United States v. Reda*, 787 F.3d 625, 629 (1st Cir. 2015). As the First Circuit noted, there's a common-sense distinction between "conclusory and descriptive terminology." *Id.* Use of such colloquial terms does not necessarily constitute expression of an opinion as to Defendant's mental state or condition. *See* FED. R. EVID. 704(b). Regardless, lay witnesses are not forbidden from expressing opinions that embrace the ultimate issues to be decided by the jury. FED. R. EVID. 704; *United States v. Hayes*, 118 F. App'x 856, 857-58 (5th Cir. 2004).

The Court will provide jury instructions that clearly define all relevant terms, and the parties have been instructed to submit proposed jury instructions. The Court will also instruct the jury that they must follow the Court's instructions and apply the law the Court provides them. The Court assumes that the jury follows its

instructions. *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018). Therefore, there is no danger that the jury will apply a definition other than that provided by the Court, or that they will decide the case on a basis other than the applicable law. For these reasons, the Court denies Defendant's Motion in Limine [71] as to the terms "kickbacks" and "bribes."

### D. *Clark's Motion for Additional Peremptory Challenges [72]*

Defendant Clark filed a Motion for Additional Peremptory Challenges [114]. Defendant wants twenty peremptory challenges, and she wants the Government to have six.

In a non-capital felony case, "[t]he Government has 6 peremptory challenges and the . . . defendants jointly have 10 peremptory challenges . . . ." FED. R. CRIM. P. 24(b)(2). "Each side" gets additional peremptory challenges if there are alternate jurors. FED. R. CRIM. P. 24(c)(4). Here, the Court intends to seat at least four alternates, which means each side would get an additional two peremptory challenges. FED. R. CRIM. P. 24(c)(4)(B). If the Court seats five or six alternates, then each side gets an additional three peremptory challenges. FED. R. CRIM. P. 24(c)(4)(C).

Rule 24(b) provides that the Court "may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." FED. R. CRIM. P. 24(b). The rule gives the Court "wide latitude," *United States v. Franklin*, 471 F.2d 1299, 1300 (5th Cir. 1973), and a request for additional peremptory challenges is left to the discretion of the trial judge.

*United States v. Hooper*, 575 F.2d 496, 498 (5th Cir. 1978). Regardless, "peremptory challenges are not of constitutional dimension." *United States v. Duncan*, 191 F.3d 569, 573 (5th Cir. 1999) (quoting *United States v. Hall*, 152 F.3d 381, 406-08 (5th Cir. 1998)). Rather, "[t]hey are a means to achieve the end of an impartial jury." *Id.*

Defendant has not demonstrated that she requires additional peremptory challenges to seat an impartial jury. There has not been as much pretrial publicity surrounding this case as in related cases, such as *United States v. Walters*, No. 2:19-CR-51-KS-MTP, and *United States v. Diaz*, No. 2:17-CR-31-KS-MTP. The Court also rejects Defendant's implicit argument that anyone employed by the United States or insured through TRICARE is necessarily compromised as a juror. Defendant has not provided anything to support this aspect of her argument beyond mere speculation. Regardless, this Court conducts thorough *voir dire*. The Court questions the *venire*, and it provides the parties with ample opportunity to ask their own questions. Both sides will have the opportunity to make challenges for cause. These procedures, combined with a modestly expanded *venire*, are enough to ensure an impartial jury.

For these reasons, the Court denies Defendant Clark's Motion for Additional Peremptory Challenges [72]. The Court will allow the number of peremptory challenges specified by Rule 24(b)(2) and 24(c)(4). The Defendants will exercise those challenges jointly.

E.  ***Clark's Motion to Compel Discovery of Presentence Reports [73]***

Defendant Clark filed a Motion to Compel Discovery of Presentence Reports in

the Possession of the Government for Witnesses Called by the Government [73]. Defendant argues that the Court should order the Government to produce any presentence reports ("PSR's") in its possession for any witnesses the Government intends to call in its case-in-chief. Defendant argues that she is entitled to such documents under Rule 16(a)(1)(E), the Jencks Act, and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). The Government opposes the motion, arguing that PSR's are not witness statements subject to production. Alternatively, the Government argues that the Court should examine the PSR's *in camera* to determine whether they contain information favorable to Defendants.

The Fifth Circuit has held that a PSR "is not a statement made by the witness. Instead, it is a statement that a probation officer makes to aid the court in sentencing a defendant." *United States v. Jackson*, 978 F.2d 903, 908 (5th Cir. 1992). Therefore, the Jencks Act does not require the Government to produce them. *Id.* at 908-09.

However, "the due process clause requires the prosecution to disclose all evidence favorable to the accused." *Id.* at 909 (citing *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972)). Therefore, "a defendant ordinarily has a right to exculpatory or impeachment material that is contained in the presentence reports of his co-defendants." *Id.*

Courts "have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *United States*

8

*v. Hernandez*, 2012 WL 5945077, at *4 (N.D. Tex. Nov. 28, 2012) (quoting *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12, 108 S. Ct. 1606, 100 L. Ed. 2d 1 (1988)). PSR's contain a wide variety of confidential information, and disclosure of the reports to third parties could "have a chilling effect on the willingness of various individuals to contribute information that will be incorporated in the report." *Julian*, 486 U.S. at 12. "Because presentence reports are necessarily confidential, the district court should examine the report in camera and release any exculpatory or impeachment material to the defendant while protecting the confidentiality of the rest of the report." *Jackson*, 978 F.2d at 909.

Therefore, the Court grants in part and denies in part Defendant Clark's Motion to Compel Discovery of Presentence Reports in the Possession of the Government for Witnesses Called by the Government [73]. The Court will not compel the Government to produce the PSR's to Defendants, but the Court will examine them *in camera* to determine if they contain any exculpatory or impeachment material that should be disclosed. The Court orders the Government to provide the relevant PSR's to the undersigned Judge's chambers on or before **Tuesday, October 27, 2020**. Once the Court has examined the PSR's, it will enter another order providing the results of its examination.

### F.    *Clark's Motion in Limine re: "Co-Conspirators" [74]*

Defendant Clark filed a Motion in Limine [74] to preclude the Government's attorneys and witnesses from using the term "co-conspirator" to refer to her or any

9

witnesses. Defendant argues that use of the term would confuse the jurors and prejudice her, and that the Government should be required to lay a predicate under Rule 801(d)(2)(E) before using the term.

First, Rule 801(d)(2) removes some statements offered against an opposing party from the definition of hearsay. FED. R. EVID. 801(d)(2). Subsection (E) refers to statements "made by the party's coconspirator during and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). Defendant has not identified any purported hearsay statements by alleged coconspirators – or otherwise – that she suspects the Government will want to offer. Therefore, Rule 801(d)(2)(E) is irrelevant to the relief requested in the present motion.

As for use of the term "co-conspirator," the Fifth Circuit has stated that a summary witness's referral to a defendant as a co-conspirator was "inappropriate," because it "reached the ultimate issue of [the defendant's] mental state because one cannot be an unwitting co-conspirator." *United States v. Nguyen*, 504 F.3d 561, 572 (5th Cir. 2007). The Court of Appeals explained that "an expert in a criminal case may not . . . offer an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." *Id.*

However, summary and expert witnesses are subject to restrictions that do not apply to lay and fact witnesses. *See, e.g. United States v. Akins*, 746 F.3d 600-01 (5th Cir. 2014). Lay witnesses "may give opinion testimony about a defendant's mental state," if the opinion is "based on the witness's perception and . . . helpful in

10

understanding the testimony or in determining a fact in issue . . . ." *United States v. Diaz*, 637 F.3d 592, 599-600 (5th Cir. 2011). Therefore, *Nguyen*'s applicability here is limited to the Government's expert witnesses. The Government's lay witnesses are permitted to offer opinion testimony about Defendant's mental state – including use of the term "co-conspirator" – as long as the Government lays a proper foundation and satisfies Rule 701.

As for Defendant's Rule 403 concerns, she has not cited any applicable case law providing that the Government's use of the term "co-conspirator" is unduly prejudicial. As noted above, Defendant essentially wants the Court to forbid the Government from asserting that she is guilty of a crime. The Court declines to do so. The Government will be free to present and argue its theory of the case, as will Defendant. If the Government crosses any ethical or professional lines, Defendant is free to make a contemporaneous objection. Moreover, the Court will thoroughly instruct the jury on the applicable burdens of proof, and that they are only to consider the evidence admitted by the Court. These instructions should mitigate any degree of prejudice that may accrue from the Government's limited use of the term "co-conspirator."

The Court grants in part and denies in part Defendant Clark's Motion in Limine [74] as to the term "co-conspirator." If the Government intends to present expert witnesses, those experts may not refer to either Defendant as a "co-conspirator." *Nguyen*, 504 F.3d at 572. The Court denies the motion in all other

11

respects.

### G. *Clark's Motion re: Recordings and Transcripts [75]*

Defendant Clark filed a Motion for Immediate Notice of Government's Intent to Use Tape Recordings and for Production of Transcripts [75]. Defendant wants 1) the Government to immediately provide notice whether it intends to introduce audio and/or video recordings at trial, 2) the Government to immediately produce any transcripts of such recordings, and 3) the Court to exclude any such transcripts from admission into evidence or use by the jury during the trial.

In response, the Government represented that it intends to provide Defendants with an exhibit list on the date the Court has set for such disclosures. Next, the Government represents that it is not aware of any transcripts of audio or video recordings, but if there were any, it would produce them immediately. Finally, the Government opposes Defendant's request to exclude transcripts from trial.

The Court denies Defendant's first request. It appears to be undisputed that the Government has produced any recordings that exist. In other words, Defendant just wants the Government to specify which recordings it intends to use at trial. The Court has set a date for the parties to exchange exhibit lists – October 26, 2020. Therefore, this aspect of Defendant's motion may, in fact, be moot. If the Government does not provide timely notice as it has represented it will do, then Defendants are free to raise an objection later.

Defendants' second and third requests appear to be moot, as the Government

12

has represented that there are no transcripts. However, if transcripts are generated between now and trial, the Court provides the following guidance for the parties: the Court has discretion "to allow a transcript to be used by the jury to assist [it] as it listens" to a recording. *United States v. Onori*, 535 FF.2d 938, 947 (5th Cir. 1976). "[P]ortions of a tape may be relatively inaudible," or "it may be difficult to identify the speakers." *Id.* "[T]ranscripts given to the jury are evidence, admitted for a limited purpose, and . . . therefore a determination of the transcript's accuracy is typically a jury function rather than a judicial one constituting a precondition to admission." *United States v. Stone*, 960 F.2d 426, 436 (5th Cir. 1992). "[T]he recording is the primary evidence," *United States v. Ramirez*, 576 F. App'x 385, 388 (5th Cir. 2014), but transcripts may be admitted for the limited purpose of "aiding the jury in understanding the recording by identifying the speakers or understanding portions which are difficult to hear." *United States v. Garcia*, 334 F. App'x 609, 614-15 (5th Cir. 2009).

For these reasons, the Court denies Defendant Clark's Motion for Immediate Notice of Government's Intent to Use Tape Recordings and for Production of Transcripts [75].

### H.     *Auzenne's Motion to Join Clark's Motions [80]*

Defendant Auzenne filed a Motion to Join [80] in Defendant Clark's Motion Nos. 69, 70, 71, and 72. Defendant Auzenne may join the motions, but the Court denies the underlying substantive motions for the same reasons provided above.

13

## I.     *Government's Motion in Limine to Admit Summary Evidence [77]*

The Government filed a Motion in Limine to Admit Summary Evidence [77]. The Government argues that the Court should permit the admission of summary exhibits and supporting summary testimony pursuant to Rule 1006. The Government represents that it will seek to admit exhibits summarizing voluminous prescriptions, patient records, claims data, cellular telephone records, and financial records. It also represents that it will seek to introduce testimony from a summary witness to tie records and data to specific counts in the Indictment.

Rule 1006 permits parties to present a "summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." FED. R. EVID. 1006. Summary charts are admissible when

> (1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning the use of the charts.

*United States v. Spalding*, 894 F.3d 173, 185 (5th Cir. 2018). Summaries admitted under Rule 1006 are evidence, and, as such, the jury can take them into the deliberation room. *Id.* Because such summaries are evidence, "care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes." *Id.*

As for summary witnesses, "[t]here is an established tradition, both within this

circuit and in other circuits, that permits a summary of evidence to be put before the jury with proper limiting instructions." *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003). Such testimony is allowed in "limited circumstances in complex cases," *United States v. Baker*, 923 F.3d 390, 396 (5th Cir. 2019), to "aid the jury in its examination of the evidence already admitted." *Griffin*, 324 F.3d at 349. "While such witnesses may be appropriate for summarizing voluminous records, as contemplated by Rule 1006, rebuttal testimony by an advocate summarizing and organizing the case for the jury constitutes a very different phenomenon, not justified by the Federal Rules of Evidence or our precedent." *Baker*, 923 F.3d at 396. "In particular, summary witnesses are not to be used as a substitute for, or a supplement to, closing argument." *Id.* Also, a summary witness may not "merely . . . repeat or paraphrase the in-court testimony of another as to ordinary, observable facts . . . ." *United States v. Castillo*, 77 F.3d 1480, 1500 (5th Cir. 1996). "To minimize the danger of abuse, summary testimony must have an adequate foundation in evidence that is already admitted, and should be accompanied by a cautionary jury instruction. Moreover, full cross-examination and admonitions to the jury minimize the risk of prejudice." *Baker*, 923 F.3d at 396-97.

It is impossible for the Court to make any rulings regarding the admissibility of summary charts or summary witness testimony until trial. The Court doesn't have any charts to review, and it doesn't know what underlying evidence will be admitted at trial. The Court can not admit such evidence without having seen it or knowing

15

what it purportedly summarizes, and Defendants must be given an opportunity to review the summaries before they lodge an objection.

Therefore, the Court directs the Government to provide copies of the proposed summary charts to Defendants before trial begins. Defendants presumably already have the body of data from which the summaries will be drawn in the Government's disclosures. The Court denies the Government's Motion in Limine to Admit Summary Evidence [77] without prejudice to the Government's right to raise the issue again at trial. Before the Government attempts to introduce such summary evidence, it should raise the issue outside the presence of the jury. The Court denies as moot Defendant Clark's Motion to Join [94] Auzenne's opposition to the Government's Motion in Limine to Admit Summary Evidence [77].

SO ORDERED AND ADJUDGED this 26th day of October, 2020.

                                  /s/    Keith Starrett
                                        KEITH STARRETT
                            UNITED STATES DISTRICT JUDGE