IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                          **CRIMINAL NO. 2:19-CR-53-KS-MTP**

**GREGORY ALVIN AUZENNE,** *et al.*

### ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motions to Continue [89, 92]. The Court denies Defendants' motion insofar as they request a continuance of trial. The Court grants Defendants' alternative request to preclude the Government from using the contents of the Moran hard drives at trial. However, the Government is free to use any documents from the Moran hard drives 1) that are duplicative of other documents produced earlier in discovery, and/or 2) to which Defendants open the door at trial.

On September 25, 2019, the Court entered a standard discovery order in this matter. Order Regarding Discovery, *United States v. Auzenne*, No. 2:19-CR-53-KS-MTP (S.D. Miss. Sept. 25, 2019), ECF No. 17. The Court ordered the Government to produce to Defendant, within thirty days, any evidence subject to disclosure under Rule 16. *Id.* at 1. The Court will assume, for the purpose of addressing the present motion, that Defendants submitted a request for such disclosures to the Government.

On September 15, 2020, the Government's attorneys were notified that the FBI possessed three laptop computers that belonged to Marco Moran, who is expected to

be a Government witness in this case. On September 22, 2020, the Government received a hard drive containing images of the hard drives from Moran's computers, copied them, and sent the copies to Defendants. Defendants received the images of the hard drives on October 7, 2020. On October 16 and 19, 2020, Defendants filed Motions to Continue [89, 92] the trial, which the Court now addresses.

There are three hard drive images. One of them is a backup of the other two. The three images collectively contain approximately 1.15 terabytes of data. According to preliminary FBI examination, the first hard drive contains approximately 392 gigabytes of data, including approximately 6,000 e-mails, but none of the e-mails concern Defendants. The second hard drive contains approximately 96 gigabytes of data, with "very few" e-mails, and none of them concern Defendants. Finally, the third hard drive, which is a backup of the other two, contains approximately 698 gigabytes of data, including several dozen e-mails related to Defendant Auzenne. Additionally, the computers contain Word documents and photographs, including photographs of prescriptions.

Defendants argue that the Court must continue the trial because they have not had an opportunity to review the hard drives, and they might include *Brady* or Jencks material, or other information material to their defense. Defendants contend that proceeding to trial on November 2, 2020, would be severely prejudicial. Alternatively, they argue that the Court should preclude the Government from offering any materials from the hard drives as evidence at trial.

Rule 16 provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents . . . if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense . . . ." FED. R. CRIM. P. 16(a)(1)(E)(ii). In this context, "[m]ateriality means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *United States v. Ross*, 511 F.2d 757, 762 (5th Cir. 1975). Documents "material to preparing the defense" include arguments "which refute the Government's arguments that the defendant committed the crime charged." *United States v. Armstrong*, 517 U.S. 456, 462, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996). But there must be "some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990); *see also United States v. Holy Land Found. for Relief & Dev.*, 2007 WL 1308383, at *2 (N.D. Tex. May 4, 2007). "The extensiveness of the material which the Government did produce, and the availability of the disputed material from other sources, including the defendant's own knowledge, must also be considered." *Ross*, 511 F.2d at 762.

If a party commits a discovery violation, Rule 16(d)(2) provides that the Court may "(A) order that party to permit the discovery or inspection . . . and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under

3

the circumstances." FED. R. CRIM. P. 16(d)(2). This rule grants the Court "broad discretion" in crafting a remedy for discovery violations. *United States v. Tamez-Gonzalez*, 103 F.3d 126, 1996 WL 731506, at *3 (5th Cir. 1996). Implicit in this discretion is that the Court, "in deciding what sanction to impose, consider several factors: the reasons why disclosure was not made; the extent of the prejudice, if any to the opposing party; the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." *United States v. Carden*, 146 F.3d 867, 1998 WL 327211, at *2 (5th Cir. 1998). "In determining what remedy is just under the circumstances, the court should impose the least severe sanction that will accomplish the desired result – prompt and full compliance with the court's discovery order." *Id.* (*see also United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)).

First, the Government represented in briefing that it did not know that the FBI had the computers until September 15, 2020. Moran apparently delivered the computers to the FBI in or around late February 2020, and the agent who received the computers submitted a request to the FBI's Computer Analysis Response Team ("CART"). However, the Jackson office's CART was understaffed, and the request was forwarded to another office. Then COVID-19 began to affect normal business operations in March 2020, until the request was finally processed in September 2020. Defendants have not disputed any of these representations from the Government's counsel.

The Court finds that this is a middling explanation for why the computers were

not produced sooner. No one can dispute the impact of COVID-19 on business and government operations, and the Court certainly sympathizes with those swamped in a backlog of work. Nevertheless, at a minimum, the agents should have informed the Government's counsel about the hard drives, so that they, in turn, could have 1) informed Defendants' counsel, and 2) communicated to the CART the importance of processing the data in light of the Court's scheduling order and calendar.

As for the potential prejudice to Defendants, the Government represents that it does not intend to use any information from the late-disclosed hard drives at trial. Defendants' argument, therefore, is premised upon the possibility that there might be some exculpatory or impeachment evidence on the hard drives. To be clear, though, Defendants have not produced such evidence or even represented that it exists. Rather, they argue that it might exist, and that they should be given more time to look for it.

Defendants must demonstrate prejudice to their "*substantial rights*, that is, injury to their right to a fair trial," rather than "minor disarray" in their trial preparation. *United States v. Garrett*, 238 F.3d 293, 299 (5th Cir. 2000). The primary question is "whether the defendant had time to put the information to use, not whether some extra effort was required by defense counsel." *Id.* Moreover, "even if the district court determines that the information was disclosed too late to be put to effective use, the court must also determine that the lack of information created a reasonable probability that the result would have been different." *Id.* at 300. "There

5

must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *Ross*, 511 F.2d at 763.

Defendants "assert[ ] conclusorily that knowledge of the evidence would have been material to the preparation of [their] defense. Such an assertion is undoubtedly true in *all* Rule 16(d) cases; all of the available evidence should be considered in preparing for trial." *Tamez-Gonzalez*, 1996 WL 731506 at *4. However, Defendants must still demonstrate some specific prejudice. *Id.* They have not done so. Instead, they have only offered bare speculation.

Regardless, the Government produced the hard drive data to Defendants almost four weeks before trial. That is ample time for Defendants to examine the data and use any information contained therein during trial. Indeed, during litigation, attorneys routinely review more documents in less time. Additionally, the Government notes in briefing that much of the data on the hard drives constitutes operating systems, applications, and programs, rather than documents such as e-mails or photographs.[1] Further, Defendants failed to acknowledge that one of the hard drives contains data duplicative of the other two hard drives.

For these reasons, the Court **grants in part and denies in part** Defendants' Motions to Continue [89, 92]. The Court denies Defendants' motion insofar as they

---

[1] Anyone with cursory knowledge of computers knows that they typically contain a sizeable amount of irrelevant system data. One need only look at the categories of data in their smartphone's storage to see this fact illustrated.

6

request a continuance of trial. The Court grants Defendants' alternative request to preclude the Government from using the contents of the Moran hard drives at trial. However, the Government is free to use any documents from the Moran hard drives 1) that are duplicative of other documents produced earlier in discovery, and/or 2) to which Defendants open the door at trial.

      SO ORDERED AND ADJUDGED this 26th day of October, 2020.

                                        /s/    Keith Starrett
                                           KEITH STARRETT
                            UNITED STATES DISTRICT JUDGE