# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v. **CRIMINAL NO. 2:19-CR-53-KS-MTP**

**GREGORY ALVIN AUZENNE,** *et al.*

### ORDER

For the reasons below, the Court **denies** Defendant Auzenne's Motion to Compel Election Among Multiplicitous Counts [67]. The Court also **grants** Defendant Clark's Motion to Join [78] Auzenne's motion insofar as Clark seeks leave to join in the motion, but **denies** the substantive underlying motion for the same reasons.

On September 24, 2019, the Government filed an Indictment [1] charging Defendants with a variety of crimes arising from a scheme to defraud government health care benefit programs by marketing, prescribing, and billing for compound medications. Specifically, the Government alleges that Defendant Auzenne pre-signed blank, pre-printed prescriptions for compound medications that served no legitimate medical purpose, and that Defendant Clark transmitted the signed, fraudulent prescriptions to an intermediary who completed them and delivered them to a pharmacy. The Government claims that Defendants bilked government health care benefit programs of approximately $1,766,401.06, and that Auzenne and Clark accepted illegal kickbacks and bribes as inducement to participate in the scheme.

Defendant Auzenne filed a Motion to Compel Election Among Multiplicitous

Counts and Strike Unelected Counts [67], and Defendant Clarke filed a Motion to Join [78] Auzenne's motion. Defendants argue that Counts 1 and 5 are multiplicitous, that the Government must elect which one it wishes to pursue, and that the Court must dismiss the unelected count.

"Multiplicity is the charging of a single offense in several counts. The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense," thus offending the Constitution's Double Jeopardy Clause. *United States v. Jones*, 733 F.3d 574, 584 (5th Cir. 2013). "What the clause prohibits, however, is not the imposition of cumulative punishment but the imposition of greater punishment than the legislature intended. Simply because two criminal statutes may be construed to proscribe the same conduct . . . does not mean the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." *Untied States v. Vasquez*, 899 F.3d 363, 381 (5th Cir. 2018) (quoting *Missouri v. Hunter*, 459 U.S. 359, 366, 368, 103 S. Ct. 1432, 63 L. Ed. 2d 715 (1980)). "There are at least two species of multiplicity challenges . . . ." *United States v. Woerner*, 709 F.3d 527, 539 (5th Cir. 2013). Defendants asserted both.

The first type of multiplicity challenge "arises when a defendant is charged with violating two different statutes, one of which is arguably the lesser included offense of the other." *Id.* When addressing this type of challenge, the Court applies *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), and

2

its progeny. *Id.* First, the Court looks "for a clear indication of legislative intent to permit cumulative punishment for one offense under two separate statutes." *Vasquez*, 899 F.3d at 382. "Second, absent such an indication," the Court applies *Blockburger*'s "same elements" test. *Id.* That is, the Court determines whether each statute "requires proof of a fact which the other does not." *United States v. Sanjar*, 876 F.3d 725, 737 (5th Cir. 2017) (quoting *Albernaz v. United States*, 450 U.S. 333, 337, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981)). The Court examines both the elements of the statutory crimes, and the offenses as charged. *United States v. Ogba*, 526 F.3d 214, 233 (5th Cir. 2008); *Sanjar*, 876 F.3d at 737.

The Court will assume, without deciding, that there is no "clear indication of legislative intent to permit cumulative punishment for one offense under two separate statutes." *Vasquez*, 899 F.3d at 382. Therefore, the Court must determine whether each statute "requires proof of a fact which the other does not." *Sanjar*, 876 F.3d at 737. Defendants argue that Count 5 is a lesser included offense of Count 1.

In Count 1, the Government charged Defendants with violating 18 U.S.C. § 1349 by conspiring a) to commit wire fraud in violation of 18 U.S.C. § 1343, and b) to defraud a health care benefit program in violation of 18 U.S.C. § 1347. "The elements of a conspiracy under 18 U.S.C. § 1349 are: (1) two or more persons made an agreement to commit an unlawful act; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, with the intent to further the unlawful purpose." *United States v. Simpson*, 741 F.3d 539, 547

(5th Cir. 2014).

In Count 5, the Government charged Defendants with violating 18 U.S.C. § 371 by conspiring to violate 42 U.S.C. §§ 1320a-7b(b)(1)(A)-(B). "To support a conspiracy conviction under 18 U.S.C. § 371, the government must prove three elements: (1) an agreement between two or more people to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the conspirators in furtherance of the conspiracy's objective." *United States v. Fisch*, 851 F.3d 402, 406-07 (5th Cir. 2017).

Defendants cite *United States v. Ogba*, 526 F.3d 214 (5th Cir. 2008). There, the Fifth Circuit addressed a defendant's claim that his convictions for health care fraud under 18 U.S.C. § 1347 and illegal remuneration under 42 U.S.C. § 1320a-7b(b)(2)(A) were multiplicitous. *Id.* at 232-36. The Court applied *Blockburger*, and found that "[o]n their face, the statutes each require proof of an additional fact that the other does not," in that "[i]llegal remuneration does not require fraud or falsity" and health care fraud "does not require payment in return for a referral." *Id.* at 234.

However, the Court noted that "if [the defendant's] healthcare fraud conviction were based entirely on proof of his receipt of kickbacks, which he did dishonestly, then a conviction for illegal remuneration is a lesser included offense of health care fraud." *Id.* The jury charge "included multiple theories of health care fraud," including paying or receiving illegal remuneration. *Id.* at 235. Therefore, if the jury concluded

4

that the Government had proven only the illegal remuneration theory of health care fraud, then the defendant's "sentencing, under a conviction for illegal remuneration and health care fraud – illegal remuneration coupled with the specific intent to defraud – violated the Double Jeopardy Clause." *Id.* at 236. The Court used a "general verdict form," which did not "indicate which of the health care fraud theories the jury unanimously agreed upon." *Id.* Therefore, the Court of Appeals concluded that the trial court's sentences for health care fraud and illegal remuneration were multiplicitous. *Id.*

In this case, Count 5 requires proof of an overt act, while Count 1 does not. *Compare Fisch*, 851 F.3d at 406-07, *with Simpson*, 741 F.3d at 547. Additionally, the substantive offenses underlying each conspiracy are different. *See United States v. Sharpe*, 193 F.3d 852, 863 (5th Cir. 1999) (when comparing two conspiracy counts for multiplicity analysis, court should examine the elements of the substantive offenses which were the objects of the conspiracies). Count 1 relates to a conspiracy to commit wire fraud and health care fraud, while Count 5 relates to a conspiracy to violate the AKS. To prove health care fraud, the Government must provide evidence of false claims submitted to a health care benefit program. *United States v. Garcia*, 432 F. App'x 318, 322 (5th Cir. 2011). To prove wire fraud, the Government provide evidence that Defendants used or caused a wire transmission to be used in furtherance of the scheme. *United States v. Kuhrt*, 788 F.3d 403, 413-14 (5th Cir. 2015). A conspiracy to violate the AKS does not require proof of either of these elements. Therefore, each

conspiracy count requires proof of an element that the other does not.

Moreover, the specific behavior underlying the counts is different. Count 1 charges a conspiracy to fraudulently obtain money from health care benefit programs by use of interstate wire transmissions. Specifically, the Government charges that Defendants conspired to formulate, produce, and prescribe compound medications based solely on the reimbursement rate per ingredient, rather than medical efficacy or the needs of beneficiaries. As part of this scheme, Defendants allegedly transmitted fraudulent prescriptions and reimbursement requests through interstate wire communications. In contrast, Count 5 charges a conspiracy to violate the Anti-Kickback Statute. The Government specifically charged that Defendants conspired to solicit and receive kickbacks and bribes from Marco Moran in exchange for providing signed, blank prescriptions for compounded medications.

For these reasons, the Court concludes that the Government's charge of health care fraud is not based on a theory of illegal remuneration. Therefore, the charge of conspiracy to violate the AKS is not a lesser-included offense. *See United States v. Njoku*, 737 F.3d 55, 67-68 (5th Cir. 2013); *United States v. Ngari*, 559 F. App'x 259, 270 (5th Cir. 2014).

"The second type of multiplicity challenge arises when charges for multiple violations of the same statute are predicated on arguably the same criminal conduct. In that circumstance, the court inquires whether separate and distinct prohibited acts, made punishable by law, have been committed." *Woerner*, 709 F.3d at 539.

Defendants argue that Counts 1 and 5 impermissibly charge a single conspiracy as two separate conspiracies.

Once again, the Court applies the *Blockburger* test, "asking whether each provision requires proof of a fact which the other does not." *Sanjar*, 876 F.3d at 737. Additionally, to determine whether more than one conspiracy existed, the Court should consider the following factors:

> (1) time, (2) persons acting as co-conspirators, (3) the statutory offenses charged in the indictments, (4) the overt acts charged by the government or any other description of the offense charged which indicates the nature and scope of the activity which the government sought to punish in each case, and (5) places where the events alleged as part of the conspiracy took place.

*United States v. Cihak*, 137 F.3d 252, 258 (5th Cir. 1998) (quoting *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978)). No factor is determinative; they must be considered in combination. *Id.*

Defendants cite *United States v. Mori*, 444 F.2d 240 (5th Cir. 1970), arguing that the Government can not charge the same conduct under the general conspiracy statute of 18 U.S.C. § 371 and the specific conspiracy statute of 18 U.S.C. § 1349. However, *Mori* does not categorically forbid charging under both the general conspiracy statute and specific conspiracy statutes. Rather, it forbids the Government from charging the same conduct under both the general conspiracy statute, 18 U.S.C. § 371, and the specific statute addressing conspiracies to import narcotics, 21 U.S.C. § 174. *Mori*, 444 F.2d at 243-45.

The Fifth Circuit has explicitly held that an indictment charging a specific

7

conspiracy under 18 U.S.C. § 1349 and a general conspiracy under 18 U.S.C. § 371 is not multiplicitous if it otherwise satisfies the *Blockburger* analysis. *Sanjar*, 876 F.3d at 737 (citing *United States v. Jones*, 733 F.3d 574, 584 (5th Cir. 2013); *Njoku*, 737 F.3d at 68; *United States v. Moran*, 778 F.3d 942, 964 (11th Cir. 2015)). Therefore, the Government may charge both a specific conspiracy to commit health care and wire fraud under 18 U.S.C. § 1349 and a general conspiracy to violate the AKS under 18 U.S.C. § 371, as long as *Blockburger* is satisfied.

As noted above, Count 5 requires proof of an overt act, while Count 1 does not. Additionally, Count 1 relates to a conspiracy to commit wire fraud and health care fraud, while Count 5 relates to a conspiracy to violate the AKS. To prove health care fraud, the Government must provide evidence of false claims submitted to a health care benefit program, and to prove wire fraud, the Government provide evidence that Defendants used or caused a wire transmission to be used in furtherance of the scheme. A conspiracy to violate the AKS does not require proof of either of these elements. Therefore, each conspiracy count requires proof of an element that the other does not. Additionally, the specific behavior underlying the charges is different, as explained above.

Finally, Defendants' argument appears to be premised upon a misreading of the Indictment. The Government alleged the existence of a single, overarching scheme to enrich the Defendants and their co-conspirators, and it charged Defendants with separate conspiracies that were part of that scheme. "[A] single

scheme can be executed a number of times, and a defendant can be charged in separate counts for each 'execution' of the scheme to defraud." *Untied States v. De La Mata*, 266 F.3d 1275, 1287 (11th Cir. 2002); *see also United States v. Marroquin*, 149 F.3d 1178, 1998 WL 414213, at *1 (5th Cir. 1998) (district court did not err in sentencing on multiple counts of mail fraud and conspiracy as one overarching scheme to defraud); *cf. United States v. Krenning*, 93 F.3d 1257, 1266-67 (5th Cir. 1996) (no prejudicial joinder in alleging a single scheme with multiple purposes and charging multiple conspiracies as part of the scheme).

For these reasons, the Court **denies** Defendant Auzenne's Motion to Compel Election Among Multiplicitous Counts [67]. The Court also **grants** Defendant Clark's Motion to Join [78] Auzenne's motion insofar as Clark seeks leave to join in the motion, but **denies** the substantive underlying motion for the same reasons.

SO ORDERED AND ADJUDGED this 29th day of October, 2020.

                                                  /s/   Keith Starrett
                                                  KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE