IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.   **CRIMINAL NO. 2:19-CR-53-KS-MTP**

**GREGORY ALVIN AUZENNE,** *et al.*

### ORDER

The Government filed an Omnibus Motion in Limine [76]. For the reasons provided below, the motion is **granted in part and denied in part**.

### A.   *Motion to Join [96]*

Defendant Clark filed a Motion to Join [96] in Defendant Auzenne's opposition to the motion. The Court **grants** Defendant Clark leave to join Auzenne's opposition.

### B.   *Government Misconduct*

The Government argues that the Court should order Defendants to raise any allegations of misconduct by a prosecutor or agent outside the presence of the jury before presenting any such evidence or argument. In response, Defendants argue that the motion is too broad, would force his counsel to be "over-cautious" at trial, and would hamper his ability to cross-examine witnesses.

The Court grants this aspect of the Government's motion. Defendants' concerns about hampering cross-examination and forcing counsel to be "over-cautious" are overblown. If Defendants want to present any evidence or argument that any prosecutor or agent engaged in misconduct, they must first raise the issue

with the Court outside the presence of the jury. The Court likewise expects the Government's counsel to refrain from accusing Defendants' counsel of misconduct without first raising the issue with the Court outside the presence of the jury.

## C. *Unavailable Witnesses*

Next, the Government argues that the Court should prohibit Defendants' counsel from commenting on or asking the jury to draw any negative inference from the absence of a particular witness.

"[A] party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *United States v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003). "The Court can only draw a negative inference when the missing witness has information peculiarly within his knowledge, i.e., a party need not call a witness if her testimony would be cumulative, and the strength of the inference to be drawn from the witness's absence varies with the particular facts of each case." *Id.* An "adverse inference is not appropriate when the witness is equally available to both parties." *United States v. Heard*, 709 F.3d 413, 421 (5th Cir. 2013). However, determining whether a witness is "equally available" to both sides is not always a straightforward question. *See, e.g. United States v. MMR Corp.*, 907 F.2d 489, 501-02 (5th Cir. 1990).

This is not a question that can be addressed in the abstract. The Court must consider the witness's availability to the parties, and the nature of the information to

2

be elicited from the witness. Therefore, the Court denies this aspect of the Government's motion without prejudice to the Government's right to raise the issue again at trial with more specificity.

### D.  *Out-of-Court Statements*

The Government argues that the Court should bar the admission of any out-of-court statements offered to prove the truth of the matter asserted therein, i.e. hearsay. Hearsay is generally inadmissible. FED. R. EVID. 802. There are exceptions to the rule against hearsay, FED. R. EVID. 803, 804, and some out-of-court statements are not hearsay. FED. R. EVID. 801(d). Therefore, the Court denies this aspect of the Government's motion without prejudice to the Government's right to raise the issue again at trial as to specific evidence.

### E.  *Discovery Disputes*

The Government argues that the Court should bar all evidence or argument related to discovery disputes. The Court grants this aspect of the Government's motion. Such disputes are irrelevant to the issues before the jury. If Defendants want to make any evidence or argument related to discovery disputes, they are free to raise the issue outside the presence of the jury on a case-by-case basis.

### F.  *Others Charged*

The Government argues that the Court should exclude all evidence or argument as to whether or not any other person has or has not been charged in this or any other cases, on the basis that it is irrelevant to the charges against Defendants.

3

In response, Defendants argue that such evidence is relevant to cooperating witnesses' credibility.

The Fifth Circuit has held that a trial court has discretion to prohibit a defendant's attorney from comparing his client's conduct "with that of uncharged or immunized witnesses," because the purpose of such arguments is to encourage nullification and "tempt jurors to violate their oaths." *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001). However, if any witness has been charged by the Government, reached a plea agreement with the Government, or entered into an immunity deal with the Government, that would be relevant to their credibility. *See, e.g. United States v. Mazkouri*, 945 F.3d 293, 301-02 (5th Cir. 2019).

The Court grants in part and denies in part this aspect of the Government's motion. The Court grants the motion as to any witnesses who have not been charged, but Defendants may impeach the credibility of those who have been charged. The Government is free to raise a contemporaneous objection at trial if it believes Defendant crosses the line from properly impeaching a witness's credibility to making an improper suggestion or argument. Also, the parties are free to propose jury instructions regarding testimony provided by accomplices or co-conspirators.

### G.     *Jury Nullification*

The Government argues that the Court should bar Defendants' counsel from making any argument that encourages jurors to ignore the law, not follow the Court's instructions, or otherwise violate their oath as jurors, including any arguments

4

invoking Defendants' age, health, or family intended to elicit sympathy from the jury. Defendants represented in briefing that they do not intend to make such arguments. The Court grants this aspect of the Government's motion. *See, e.g. Thompson*, 2001 WL 498430 at *16 (a criminal defendant has no right to encourage the jury to refuse to apply the law as instructed by the court).

### H.   *Plea Negotiations*

The Government argues that the Court should bar all reference to plea negotiations, plea offers, or rejection of plea offers. Defendants represent that they have no intention to offer such argument or evidence related to their own plea negotiations, but that they do intend to offer such argument or evidence related to cooperating witnesses.

The Court grants in part and denies in part this aspect of the Government's motion. The Court grants it with respect to argument or evidence related to Defendants' own plea negotiations and offers, but denies it with respect to any other persons' plea offers and negotiations. FED. R. EVID. 410(a).

### I.   *Potential Sentence*

The Government argues that the Court should exclude any argument related to the potential punishment that might result from the prosecution or a conviction. Defendants represented that they have no intention of making such arguments. The Court grants this aspect of the Government's motion. *See, e.g. Shannon v. United States*, 512 U.S. 573, 579, 114 S. Ct. 2419, 129 L. Ed. 2d 459 (1994).

5

### *J.   Counsel's Opinion of Defendants*

The Government argues that the Court should exclude all comment or argument related to Defendants' counsel's personal opinions of the Defendants. Defendants represented that they do not intend to make such arguments. The Court grants this aspect of the Government's motion. *Parker v. Allen*, 565 F.3d 1258, 1273-74 (11th Cir. 2009).

### *K.   Interview Reports*

The Government argues that the Court should prohibit Defendants from using interview reports prepared by Government agents to impeach the trial testimony of the person interviewed, or from publishing the contents of an interview report to the jury. The Government contends that the interview reports are statements of the agents who prepared them, rather than the person being interviewed. In response, Defendant argues that this issue cannot be analyzed in the abstract, and that the Court should wait until trial and address it on a case-by-case basis.

Interview reports prepared by government agents are not statements of the person being interviewed. Rather, they are the recorded recollections of the agent conducting the interview. *See, e.g. United States v. King*, 424 F. App'x 389, 396 (5th Cir. 2011). Therefore, interview reports of this sort are hearsay as to the statements made by the witness during the interview, and it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections,

6

interpretations, and interpolations." *Id.* However, a defendant may use such reports as extrinsic evidence of a prior inconsistent statement if he satisfies the requirements of Rule 613(b). See FED. R. EVID. 613(b); *United States v. Crinel*, 2016 WL 6441249, at *3 (E.D. La. Nov. 1, 2016). The defendant must demonstrate that the "witness has made as his own the product of the investigator's selections, interpretations, and interpolations." *United States v. Scaglione*, 446 F.2d 182, 184 (5th Cir. 1971); *see also White v. Whitley*, 21 F.3d 1108, 1994 WL 171509, at *2 (5th Cir. 1994); *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993).

The Court denies this aspect of the Government's motion without prejudice. The Court will address these issues on a case-by-case basis at trial. The Court instructs Defendants' counsel to raise the issue outside the presence of the jury before they attempt to impeach a witness with a government agent's interview report, so that the Court may determine whether the witness has adopted the statement as his own.

## L.    *Arguments Blaming Fraud Victims*

The Government argues that the Court should prohibit Defendants from making any arguments or presenting any evidence that TRICARE or any other health care benefit programs failed to take adequate precautions to insulate themselves from fraud, waste, or abuse. In response, Defendants argue that the request is too broad, and that such a ruling would unduly hinder his defense at trial.

The jury must have a basic understanding of the claim process and the

relationships among the various parties involved, but Defendants may not offer evidence or argue that a health care benefit program was negligent in handling claims. *United States v. Kreimer*, 609 F.2d 126, 132, (5th Cir. 1980) ("The victim's negligence is not a defense to criminal conduct."); *United States v. Davis*, 226 F.3d 346, 358-59 (5th Cir. 2000); *United States v. Rivera-Izquierdo*, 850 F.3d 38, 51 (1st Cir. 2017); *United States v. Amico*, 486 F.3d 764, 780 (2nd Cir. 2007). Likewise, Defendants may not offer evidence or argue that a health care benefit program's payment of claims is evidence of innocence. *United States v. Nekritin*, 2011 WL 2462744, at *6-*7 (E.D.N.Y. June 17, 2011) (excluding evidence that Medicare paid claims as a defense to health care fraud); *United States v. Ahmed*, 2016 WL 8732355, at *4 (E.D.N.Y. June 24, 2016); *United States v. Golfo*, 2020 WL 2513445, at *5 (E.D.N.Y. May 15, 2020).

The Court can not provide a comprehensive ruling on this issue because much depends on the specific evidence or argument and the context in which it is offered. For now, the Court grants this aspect of the Government's motion in part and denies it in part. Defendants may not introduce evidence or argue that health care benefit programs were negligent in handling claims, or that their payment of claims is evidence of innocence. However, Defendants may provide evidence of the claims process and the relationships among the various entities. If Defendants are concerned that a particular line of questioning may run afoul of this order, they are free to raise the issue outside the presence of the jury. Likewise, the Government is free to raise

8

contemporaneous objections.

### M.     *Specific Evidence of Prior Good Acts, Character Testimony*

The Government argues that specific instances of Defendants' good conduct or good character are irrelevant to the conduct charged in the Indictment, and not admissible to prove pertinent character traits. Accordingly, the Government argues that they should be excluded from trial. In response, Defendants argue that evidence of good acts may be relevant to their intent. They also argue that they may offer evidence of their character or pertinent character traits, and that such evidence may pertain to specific instances of conduct if their character traits are an essential element of the charges or their defense.

Rule 404 provides: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404(a)(1). However, in criminal cases "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." FED. R. EVID. 404(a)(2)(A). Therefore, "[a] defendant may introduce character testimony to show that the general estimation of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged." *United States v. Shipley*, 546 F. App'x 450, 456 (5th Cir. 2013). "[E]vidence of the defendant's character as a law-abiding citizen . . . is always relevant." *United States v. De Leon*, 728 F.3d 500, 504-05 (5th Cir. 2013).

Rule 405 provides the methods by which a defendant may introduce character

evidence. "When evidence of a person's character or trait is admissible, it may be proven by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." FED. R. EVID. 405(a). "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." FED. R. EVID. 405(b). Rule 405 "thus limits the use of specific prior acts to cases where character is at issue in the strict sense because that method of proof possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." *United States v. Gulley*, 526 F.3d 809, 818 (5th Cir. 2008).

Applying these rules, the Fifth Circuit has specifically held that a defendant's character was not an essential element of charges of conspiracy to commit health care fraud and conspiracy to violate the AKS. *United States v. Kahn*, 768 F. App'x 266, 270 (5th Cir. 2019); *see also United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (character not an essential element of insurance fraud). Likewise, "use of specific acts circumstantially to prove lack of intent . . . is not only disfavored, it is not permitted under Rule 405(b)." *Kahn*, 768 F. App'x at 270; *see also Marrero*, 904 F.2d at 260; *United States v. Cleveland*, 1997 WL 253124, at *2 (E.D. La. May 14, 1997); *United States v. Ylda*, 643 F.2d 348, 353 (5th Cir. 1981) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant.").

Therefore, the Court grants the Government's motion as to evidence of specific prior acts. However, the Court presently denies the motion as to general character testimony because the Court can not evaluate the admissibility of character evidence that is not before it. The Government is free to raise a contemporaneous objection to any character evidence. In light of the applicable law set out above, the parties should be able to prepare accordingly.

## N. *Motions*

Finally, the Government argues that the Court should exclude any reference to this or any other motion filed in this case. Defendants represented that they do not intend to refer to any motions. The Court grants this aspect of the Government's motion.

SO ORDERED AND ADJUDGED this 2nd day of November, 2020.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE